UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE SWINCKI,

     PLAINTIFF,

v.                                    CASE NO. 07-13596

MICHAEL ASTRUE, COMMISSIONER      HONORABLE SEAN F. COX
OF SOCIAL SECURITY,

     DEFENDANT.
_____/

**OPINION & ORDER**
**ACCEPTING AND ADOPTING REPORT & RECOMMENDATION**

     This social security appeal is before the Court for consideration of Plaintiff's objections

to the Report and Recommendation ("R&R") filed by Magistrate Judge Steven Pepe on February

10, 2009, relating to the parties' cross-motions for summary judgment.  In the R&R, Magistrate

Pepe recommends that the Commissioner's motion be granted and that the Plaintiff's motion be

denied.   For the reasons that follow, the Court overrules the objections filed by Plaintiff and

shall adopt the R&R.

**BACKGROUND**

     Plaintiff Theodore Swincki brought this action under 42 U.S.C. §405(g) seeking review

of the denial of his application for Social Security Disability Benefits.  Thereafter, both parties

filed cross-motions for summary judgment, which were referred to Magistrate Judge Pepe

pursuant to 28 U.S.C. §636(b)(1)(B) & (C).

     On February 10, 2009,  Magistrate Judge Pepe issued his R&R which recommends that

Plaintiff's Motion for Summary Judgment be denied.  It further recommends that Defendant's

Motion for Summary Judgment be granted.  (Docket Entry No. 23).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within ten (10) days after being served with a copy of the R&R.  "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id.*

Plaintiff filed timely objections to the R&R on March 2, 2009.

## ANALYSIS

In his objections, Plaintiff asserts that the ALJ did not specify what impairments he considered to be "severe."  (Pl.'s Objections at 8).  The same argument was presented to, and rejected by, the Magistrate Judge (*See* R&R at 19-20).  The Court finds the objection without merit for the reasons articulated in the R&R.

Plaintiff further contends that the ALJ should have, but did not, analyze the claimant's obesity pursuant to the guidelines contemplated in SSR 02-01p.  (Pl.'s Objections at 8). The R&R rejected this same argument at pages 20-22.  This Court agrees with the Magistrate's analysis of this issue and his conclusion that the ALJ gave sufficient weight to the effect of Plaintiff's obesity on his other impairments.

Plaintiff also contends that the ALJ erred in assessing Plaintiff's credibility.  (Pl.'s Objections at 10-12).  The R&R thoroughly addressed this issue at pages 22-25.  This Court agrees with the Magistrate Judge's analysis of the credibility issue and with his conclusion that the ALJ gave several reasons, and provided sufficient support, for his credibility finding.

Plaintiff also asserts that the ALJ's conclusions regarding residual functional capacity

were not supported by substantial evidence.  To the extent that Plaintiff's objections assert that Magistrate Judge Pepe should have weighed the evidence differently, or that this Court should weigh the evidence differently, such objections are without merit.

The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions.  *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).  If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor.  *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion.  *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

The Court agrees that substantial evidence exists in the record to support the ALJ's decision.  The Court further concludes that Plaintiff's remaining objections lack merit.

## CONCLUSION & ORDER

Accordingly, the Court **ACCEPTS** and **ADOPTS** the February 10, 2009 R&R.  **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED.  IT IS FURTHER ORDERED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 19, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager